

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3973
Re: Issuance of certificate to
use State highways to holder
of interstate certificate over
irregular routes.

We are in receipt of your request for our opinion of September 15th in which the following questions are submitted:

"1. Where a motor carrier has a certificate of public convenience and necessity issued by the Interstate Commerce Commission under the Interstate Commerce Act authorizing operation as a common carrier by motor vehicle from a place or places outside the State of Texas to points and places in the State of Texas to engage in the handling of interstate commerce, such certificate particularly specifying that such operation shall be conducted over irregular routes, may the Railroad Commission of Texas grant such carrier the right to use the highways of the State of Texas in the carrying on of such operation over irregular routes in conformity with its interstate certificate?

"2. Furthermore, is such carrier obligated by the Texas Motor Carrier Act to perform on regular schedules the service authorized by such interstate certificate?

"3. Regardless of the answer to question number 1 above, where the Railroad Commission,

Honorable James E. Kilday, Director, Page 2

after due notice and hearing, has heretofore
granted such a carrier a certificate to use the
highways of the State of Texas in carrying on
its operations in interstate commerce over ir-
regular routes in conformity with the authority
of such certificate issued by the Interstate
Commerce Commission, and no appeal has been taken
by any interested party from such order of the
Railroad Commission, is it necessary for such
carrier to obtain any other type of authority
under the Texas Motor Carrier Act in order to
use the highways of the State of Texas in oper-
ating in interstate commerce?"

Under the Texas Motor Carrier Act, (Article 911b,
Vernon's Texas Civil Statutes) the Railroad Commission is
not authorized to grant a certificate of convenience and
necessity over irregular routes, that is, over routes which
are not fixed and where the roads traveled and communities
served may vary from time to time, In Opinion No. 0-2608,
heretofore rendered to the Commission, it was reasoned:

"In our opinion the requirement that the
application describe the route or routes over
which the applicant desires to operate may not
be dispensed with. Unless such be done it would
be impossible to determine whether existing serv-
ices are sufficient, whether there is any need
of the new service. Without the route is fixed
in the application no one could tell who are the
existing transportation facilities serving such
territory to whom notice must be given. Without
such description of the route in the application
for an order granting the certificate a court
could hardly tell who would be an interested
party entitled to prosecute an appeal, unless
it should hold all carriers in Texas to be such.

"In Railroad Commission vs. Red Arrow Freight
Lines, 96 S. W. (2d) 735, by the Austin Court of
Civil Appeals, it was held that a new common car-
rier motor carrier service cannot be granted ex-
cept upon a showing and commission finding of con-
venience and necessity. Manifestly there can be
no such showing and finding unless the route is

definitely identified, so as to permit inquiry
on the issue of convenience and necessity as
applied to that particular route."

It appears from your letter, however, that the
Interstate Commerce Commission grants such certificates for
operation in interstate commerce. 49 U.S.C.A. | 308.

Since the enactment of the Federal Motor Carrier
Act of 1935, 49 U.S.C.A., Sec. 301, et seq., the Railroad
Commission of Texas does not have jurisdiction to pass upon
questions of public convenience and necessity with respect
to purely interstate motor carriers, however, the Railroad
Commission still has jurisdiction to consider questions con-
cerning the preservation of the highways and safety of the
traveling public, and may still deny the use of the highways
to an interstate carrier when it is sufficiently shown that
the preservation of the highways and safety of the traveling
public would be endangered by the added traffic burden. Thomp-
son v. McDonald, 95 Fed. (2d) 937, certiorari denied; Winton
v. Thompson, 123 S. W. (2d) 95, writ refused; Opinions Nos.
O-1845 and O-3107. A number of other decisions by the Courts
of Civil Appeals have followed the above holding in the
McDonald case.

A certificate of convenience and necessity having
been granted by competent federal authority for operation
over irregular routes to and from points within the State of
Texas and other states, the issues concerning public conven-
ience and necessity have been settled and there is presented
to the Railroad Commission for determination, upon proper
application, the question of whether the safety of the travel-
ing public and the preservation of the highways will permit
such additional burdens. Upon proper showing before the
Railroad Commission, the Commission might find that operations
over any and all routes within the territory to be served by
the carrier under its interstate certificate would not ad-
versely affect the highways subject to the use, or the public
safety, in which event it is our opinion that the Commission
would be authorized to issue its certificate in accordance
with such finding. It might be that the evidence before the
Commission would show that only certain of the available
routes within the territory could bear the additional burden,
or that the volume of traffic or other circumstances would
require that the operations of a carrier holding such a cer-
tificate in interstate commerce should be prorated or divided

Honorable James E. Kilday, Director, Page 4

between several available routes and excluded as to others. Although the Texas Motor Carrier Act does not authorize the issuance of a certificate of convenience and necessity over irregular routes in purely interstate commerce, the validity of the interstate certificate issued by the Interstate Commerce Commission pursuant to an Act of Congress must be recognized. It is only in this way that the respective jurisdictions may properly function within the scope of the authority committed to each.

In this connection it should be pointed out that Section 10 of the Texas Motor Carrier Act requires the application to show the "complete route or routes over which applicant desires to operate" and accompany same with "a plat or map showing the route or routes over which applicant desires to operate." There would seem to be no reason why an applicant holding an interstate certificate of this character should not be required to designate in its application the various irregular routes which it proposes to use under its interstate certificate, in order that the Commission may be fully informed and may hear and determine the questions arising concerning the use of all or any particular highway affected.

Your first question is answered in the affirmative.

The second question is answered in the negative. Matters pertaining to public convenience and necessity and the service to be performed in interstate commerce under an interstate certificate issued by the Interstate Commerce Commission are governed by the Federal Motor Carrier Act of 1935 and the rules and regulations of the Interstate Commerce Commission.

In answer to your third question it is our opinion that under the situation presented no additional certificate or authority would be necessary under the Texas Motor Carrier Act in order to use the highways of the State of Texas to operate in interstate commerce under a valid interstate certificate. The Railroad Commission having issued its certificate to use the highways and no appeal having been taken therefrom it would be presumed that the Commission had found that each highway within the territory covered by the inter-

state certificate could bear the additional burden of traffic.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *Cecil C. Cammack*

Cecil C. Cammack
Assistant

COC:LM

APPROVED SEP 23, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN